IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE PERALES,

        Plaintiff,                        No. CIV S-06-0358 MCE KJM P

    vs.

R. HICKMAN, et al.,

        Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  He contends that he was arrested for rape in 1980, but the alleged victim later recanted and the charge was dismissed.  When he went to prison in 1991 after a conviction on a different charge, prison officials at the San Quentin reception center affixed an "R" suffix[1] to his prison classification, based on the 1980 police report.  He appealed this action and was successful at the Director's Level; the R suffix was removed.  When plaintiff later was transferred to Mule Creek State Prison, the suffix was reimposed.  Compl. at 4, 6.

---

[1] "An "R" suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290." 15 Cal. Code Regs. § 3377.1(b).

1

Plaintiff alleges that the reimposition of the R suffix is arbitrary because he has been through a thorough gang debriefing process and background check, where it was determined that the R suffix was not applicable. Compl. at 7 & Chrono Dated 7/18/01.[2] Nevertheless, when he arrived at Mule Creek State Prison, defendant Hamilton and the other defendants conspired to use the false information contained in the 1980 arrest report to have the R suffix reimposed, even though Hamilton knew the arrest report had been deemed not credible. Compl. at 8.

Plaintiff has been told that because of the reimposition of the R suffix, he will be required to register as a sex offender when he paroles. In addition, because of the R suffix, he has been denied visits with his grandchildren. Compl. at 8 & Chronos Dated 1/18/04 (informational chrono) & 3/26/04 (program review chrono).[3]

Plaintiff attempted to file a grievance, but defendant Reyes denied him the right to petition for redress of grievances by rejecting the grievance for no valid reason. Compl. at 4, 6.

Defendants have filed a motion to dismiss for failure to state a claim. Plaintiff has filed an opposition and defendants a reply.[4]

/////

/////

/////

---

[2] Petitioner has attached a number of documents to the complaint. They are not identified by exhibit number or letter and so will be referenced by type of document and date, as necessary.

[3] The March 26, 2004 chrono memorializes the program review committee's review of the arrest report relating to plaintiff's 1980 arrest, as well as the committee's recommendation that the R suffix be reimposed in light of the victim's allegations that plaintiff tried to choke the victim's two year old daughter during the 1980 incident.

[4] Plaintiff also has filed a "supplemental response," which the court has disregarded as not provided for by the applicable rules of procedure.

I. Standards For A Motion To Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corporation v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). To withstand a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965. Nevertheless, "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quotations and citation omitted).

II. Analysis

    A. Imposition Of The R Suffix

Defendants argue that plaintiff does not have a liberty interest in his classification or in visiting, so he was not entitled to procedural due process protections in the reimposition of the R suffix. Mot. To Dismiss (MTD) at 7-9. They also argue that the R suffix will not require plaintiff to register as a sex offender. Id. at 9.

The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430

3

U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997). "To plead a procedural due process violation, a plaintiff must allege: (1) a life, liberty or property interest exists and has been subject to an interference by the state; (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient." Cooper v. Garcia, 55 F. Supp. 2d 1090, 1096 (S.D. Cal. 1999).

In Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989), the Supreme Court held "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, therefore is not independently protected by the Due Process Clause." (Internal citation & quotation omitted.) In addition, there is no constitutional right to a particular classification and so no right to procedural due process in the classification determination. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006) (sex offender classification not subject to procedural protection when there is no impact on non-discretionary programs).

The Supreme Court has recognized, however, that an inmate may be entitled to procedural due process when he is denied a liberty interest created by the state. Kentucky Department of Corrections, 490 U.S. at 461. However,

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995). California has not created liberty interests either in classification or in visiting. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (classification); Torricellas v. Poole, 954 F.Supp. 1405, 1414-15 (C.D. Cal. 1997), aff'd, 141 F.3d 1179 (9th Cir. 1998) (visitation).[5]

---

[5] In Garcia, 55 F.Supp.2d at 1100, the court observed that someone in plaintiff's situation, barred from family visits even though he has never been convicted of a sex offense,

4

Finally, notwithstanding anything plaintiff may have been told by prison officials, nothing in California Penal Code section 290 suggests that plaintiff will be required to register upon his release from prison; what triggers the obligation to register is a conviction of a listed offense or parole after serving time for a listed offense. See Cal. Penal Code § 290(a)(1)(A) & (2). Because petitioner was never convicted of the underlying offense, he will not be required to register whether or not an R suffix has been imposed.

Petitioner argues, however, that he has a constitutional right to correct false information contained in his prison file and that the account of the circumstances of the rape in the 1980 arrest report is, in fact, false. In the absence of other helpful authority, plaintiff relies primarily on a case from outside the circuit in which this court resides, Paine v. Baker, 595 F.2d 197 (4th Cir. 1979). In Paine, the Court of Appeals recognized that

> in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree.

Id. at 201; see also Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (declining to reach question whether there is liberty interest in accurate information in prison file because it found Washington state regulations created such an interest); but see Velasquez v. Woods, 329 F.3d 420, 421-22 (5th Cir. 2003) (no constitutional right to expunge false information from prison file).

Even if Paine were controlling precedent applicable in this case, plaintiff cannot satisfy the Paine court's third requirement. Although plaintiff alleges that the institution has relied improperly on the 1980 arrest and report, he cannot show that the reliance has been

---

may deserve some sympathy but recognized that it could not act in the absence of a constitutional violation. As in Garcia, the issue in this case is not whether policy questions could be raised regarding the restrictions placed on an inmate's visits with his own grandchildren based on a twenty-seven year old arrest culminating only in dismissed charges, particularly when the inmate appears to be making some efforts to change his life in prison. Rather, this court simply may not fashion a remedy without a preexisting violation.

5

1 constitutionally significant, for he does not have a constitutional right to a particular
2 classification or to visit a particular person.
3     B.  Conspiracy
4         In order to state a claim for conspiracy under section 1983, a plaintiff must plead
5 specific facts suggesting mutual understanding among conspirators to deprive plaintiff of
6 constitutional rights. Conclusory allegations are not sufficient. See Duvall v. Sharp, 905 F.2d
7 1188, 1189 (8th Cir. 1990); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.
8 1989); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). Any conspiracy to impose an R suffix
9 does not state a claim under the Civil Rights Act because plaintiff was not deprived of any
10 constitutional rights by the action.
11     C.  Redress Of Grievances
12         An inmate's right to petition the government for the redress of grievances
13 includes
14 the right to pursue prison administrative remedies. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.
15 1995); Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); Hines v. Gomez, 853 F.Supp. 329, 331
16 (N.D. Cal. 1994). Nevertheless, a prisoner has no constitutional right to prison grievance
17 procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because inmates do not have a
18 substantive right to prison grievance procedures, the failure of prison officials to comply with
19 those procedures or to address grievances in a particular manner is not actionable under section
20 1983.
21         IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted
22 and the action dismissed for failure to state a claim upon which relief can be granted.
23         These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: July 30, 2007.

_____
U.S. MAGISTRATE JUDGE

2
pera0358.57

7